**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ESTEBAN RIVERA LEBRON,**

      **Petitioner,**

    **v.**                    **CIVIL ACTION NO. 3:16-CV-165
(GROH)**

**JOE COAKLEY, Warden,
FCI Hazelton,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On December 5, 2016, the *pro se* Petitioner, Esteban Rivera Lebron, a federal inmate currently incarcerated at FCI Hazelton, filed a Petition for a Writ Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking expungement of a Bureau of Prisons ("BOP") incident report from his record and restoration of 41 days of Good Conduct Time ("GCT") credits and 450 days of Non Vested Good Conduct Time ("NVGCT") credits. ECF No. 1 at 5, 8.  On March 6, 2017, Petitioner paid the $5.00 filing fee.  ECF No. 10. On March 7, 2017, the respondent was ordered to show cause why the petition should not be granted.  ECF No. 11.  On March 16, 2017, the Court granted the respondent an extension of time to file a response to the petition.  ECF No. 15.  On April 10, 2017, the Court entered an order granting respondent's motion to stay the case until a rehearing was conducted by the Discipline Hearing Officer (DHO).  ECF No. 18.  On April 19, 2017, the respondent filed a Motion to Dismiss Petition as Moot.  ECF No. 20.  On April

26, 2017, a <u>Roseboro</u> notice was issued to Petitioner.  ECF No. 21.  On May 30, 2017, Petitioner filed a response to the motion to dismiss.  ECF No. 23.  This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915A and Local Rule of Prisoner Litigation P 2.

## II.  FACTUAL AND PROCEDURAL HISTORY

On July 12, 2002, the United States District Court for the District of Puerto Rico, in case number 3:00-CR-131-49 sentenced Petitioner to 262 months in prison following a conviction for conspiracy to possess with intent to distribute in excess of one kilogram of heroin, and to 270 months for conspiracy to possess with intent to distribute cocaine. ECF No. 20-2 at 3, 4.  On January 27, 2016, while Petitioner was housed at FCI Schuylkill, Petitioner was charged in a BOP Incident Report[1] with introduction of a narcotic and use of a phone for an illegal purpose, which activities were alleged to have occurred on November 30, 2016.  ECF No. 20-2 at 7.  On February 16, 2016, following disciplinary action, Petitioner was found to have violated BOP rules against use of a phone for an illegal purpose, and as a result lost 41 Days GCT and 450 days of NVGCT.  ECF No. 20-2 at 12.  Petitioner appealed the DHO decision to the BOP Northeast Regional Office, which remanded the matter for further review on March 30, 2016.  ECF No. 20-2 at 14.  Subsequently Petitioner was transferred to USP Hazelton. ECF No. 20-2 at 16.  USP Hazelton DHO Craddock received notice of the remand on March 14, 2017.  ECF No. 20-1 at 2, ¶ 8.  Following the rehearing on April 10, 2017, DHO Craddock expunged the incident report and restored the 41 days of Good Conduct

---

[1]   That Incident Report was a refiling of a January 22, 2016 Incident Report which was "rewritten for grammatical error."  ECF No. 20-2 at 7.

Time and 450 days of non-vested Good Conduct Time which were previously deducted from Petitioner's sentence computation[2]. ECF No. 20-1 at 3, ¶ 10.

In his petition, the petitioner raises a single ground in support of his claim for habeas relief, in which he alleges that the BOP "unlawfully revoked Petitioner Rivera 491 days good time credit, without evidence connecting him to the prohibited Act." ECF No. 1 at 5. For relief, he asks for expungement of the USP Schuylkill DHO decision and restoration of the suspended good conduct time.

The respondent maintains that the petition should be dismissed as moot because Petitioner has already administratively received the relief sought by the DHO decision issued at FCI Hazelton which expunged the FCI Schuylkill DHO decision and which restored the suspended good conduct time.

### III. STANDARD OF REVIEW

#### A. <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.

---

[2] DHO Craddock also dismissed the $125.00 fine lodged against Petitioner and restored his phone and visiting privileges. ECF No. 20-1 at 3, ¶ 11.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe her pleadings.  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  *Thus, to* survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than "a sheer possibility that a defendant

has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## B.    Case or Controversy Requirement

The Supreme Court has clearly stated that a federal court only has jurisdiction to address a matter when there is an ongoing case or controversy.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969).  The Court more fully addressed this issue in Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78, (1990)(citations omitted) holding:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  This case-or-controversy requirement subsists through all stages of

federal judicial proceedings, trial and appellate. To sustain [ ] jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. The parties must continue to have a "'personal stake in the outcome'" of the lawsuit.

Consistent with the holdings of the Supreme Court, the Fourth Circuit has restated the case and controversy requirement:

To be cognizable in a federal court, a suit must be a "real and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. "[M]oot questions require no answer," and federal courts are without jurisdiction to answer them because federal courts do not have the power to issue advisory opinions. These requirements of the mootness doctrine are rooted in Article III of the Constitution, and extend to appellate review, whether or not the parties have raised the issue.

Giovanni Carandola, Ltd. v. City of Greensboro, 258 F. App'x 512, 515 (4th Cir. 2007) (citations omitted).  Recently, in Rose v. Berryhill, No. 16-2377, 2017 WL 3309770 (4th Cir. Aug. 3, 2017), the Fourth Circuit again addressed courts' lack of jurisdiction where a case or controversy has become moot.  "Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." 2017 WL 3309770, at *1, quoting Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013).  The Fourth Circuit reiterated that, "A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff."  Id. (quoting Williams 716 F.3d at 809).  The Court instructed that, "[i]f a live case or controversy ceases to exist after a

suit has been filed, the case will be deemed moot and dismissed for lack of standing."

Id. (quoting Pender v. Bank of Am. Corp., 788 F.3d 354, 368 (4th Cir. 2015)).

## IV.    ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to ongoing cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  Powell v. McCormick, 395 U.S. 486, 496 (1969). "If developments occur during the course of a case which eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief requested, the case must be dismissed as moot."  Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenges discipline imposed following a DHO hearing, and seeks relief that was granted upon rehearing during the pendency of this case.  As evidenced by the materials supplied by the respondent, following his initial hearing at FCI Schuylkill on February 16, 2016, the Petitioner was transferred to FCI Hazelton and the matter of rehearing the petition was designated to FCI Hazelton.  ECF No. 20-2 at 12, 14.  The FCI Hazelton DHO Kenneth Craddock conducted a rehearing on April 10, 2017, following which the incident report was expunged from Petitioner's record, 41 days of GCT was reinstated and 450 days of NVGCT was reinstated.  ECF No. 20-1 at 3.  Therefore, because Petitioner sought expungement of the incident report and restoration of his good conduct time, both of which remedies have already been administratively granted, those issues are now moot.   Petitioner did not raise any other issues in his Petition for relief.

Accordingly, because pursuant to Federal Rule of Civil Procedure 12(b)(6) Petitioner cannot state a claim upon which relief can be granted this matter is appropriate for dismissal.

## V. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition [ECF No. 1] be **DISMISSED** and the respondent's Motion to Dismiss as moot [ECF No. 20] be **GRANTED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  August 22, 2017

/S/ _Michael John Aloi_
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE
JUDGE